JAMES HAROLD TUGGLE V. STATE.

No. 24070. June 2, 1948.

Hon. N. L. Dalby, Judge Presiding.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is upon a charge of driving on a public highway while intoxicated. The punishment was assessed at $100.00 fine and twenty days in jail.

Appellant was driving on Highway 82 through Red River County and became involved in some discussion about his driving with the prosecuting witness, who lived in Bonham, Fannin County. He drove around the prosecuting witness and went zig-zagging across the road so as to obstruct it. The wife of the witness asked appellant to let them pass and he cursed her. The witness turned into a farm yard and appellant, who was in front, turned back and followed him into the yard. After some discussion of the matter the witness was permitted to drive on and appellant was detained by two friends at the farm house who had known him for some time. A short time later he was taken into custody in a cafe in Detroit by a highway patrolman. This patrolman, together with the prosecuting witness and his wife, testified positively as to appellant's drunken condition. It is true the officer did not see him on the highway, but it was shortly after the above related incident and there could be no question about his driving on the highway. His own witnesses testified to that.

Appellant did not testify but did present three witnesses who contradicted the evidence relating to his intoxicated condition. The jury had the matter before them and passed on the controverted issue.

The only complaint found in the record is an objection to the court's failure to charge on circumstantial evidence. A special requested charge was presented to the court, who refused it. We think the court did not err in refusing this charge. The evidence is direct and positive. The circumstances of his driving were taken into consideration, but that does not call for a special requested charge when there is direct evidence on the subject.

Finding no reversible error, the judgment of the trial court is affirmed.